**United States District Court**
Eastern District of Missouri
111 South 10th Street
St. Louis, Missouri 63102

FILED
IN CLERKS OFFICE

2004 JAN -8  P 2: 14

James G. Woodward
Clerk of Court

314-244-7900

U.S. DISTRICT COURT
DISTRICT OF MASS.

January 6, 2004

United States District Court
District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

# 04 · 10044 RGS

MAGISTRATE JUDGE _____

RE:      ENTERPRISE RENT-A-CAR CO. V. THE HERTZ CORP.
Case #   4:03CV1149 RWS

Dear Mr. Anastas:

Enclosed is a certified copy of the order dated December 8, 2003 by the Honorable Rodney W. Sippel, transferring the above styled case to the U.S. District Court for District of Massachusetts.

Enclosed are the original documents which were accepted in paper form before our October 14, 2003 conversion to Electronic Case Filing. It is our understanding that your court is also utilizing Electronic Case Filing, therefore, we are including a login and password so you may access documents from the go-live date of October 14, 2003 to the present. We have also included a certified copy of the docket entries.
   Login: **usdc2use**
   Password: **usdc**
This login and password should not be shared with anyone other than federal court personnel who would have a need to access our electronic case file system. You will need Adobe Acrobat reader loaded on your computer in order to view the documents.

In order to assist you in accessing our electronic file go to https://ecf.moed.uscourts.gov/ or for help call the help line at 866-883-7749 (toll free) or 314-244-7650. If you need further assistance, you may call the St. Louis Office at (314) 244-7800.

Please return the enclosed copy of this letter as acknowledgment of the receipt of above. Please indicate the new case number assigned to this case in your district.

Sincerely,

JAMES G. WOODWARD, CLERK

By: *Lisa Holwitt*
Lisa Holwitt
Deputy Clerk

Enclosure(s)

| Received By: | Date: | New Case#: |
|---|---|---|
| | | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ENTERPRISE RENT-A-CAR CO., )
)
Plaintiff, )
)
vs. ) Case No. 4:03CV1149 RWS
)
THE HERTZ CORP., )
)
Defendant. )

## MEMORANDUM AND ORDER

This matter is before me on Hertz's motion to dismiss[1], stay or transfer these proceedings to the District of Massachusetts. Enterprise opposes the motion, and the issues have been exhaustively briefed. Because the parties are already litigating substantially similar issues in the District of Massachusetts, I will grant the motion to transfer.

### Background Facts

Hertz and Enterprise are in the rental car business. Hertz hired The System Distributors, Inc. (TSDI) and Transportation Reservation Networks, Inc. (TRN) to provide programming and computer services. These companies developed an internet-based interface known as the EDiCAR system, which allows rental car

---

[1] Hertz amended its motion to dismiss to refer to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion and amended motion are pending.

companies and insurance companies to manage, track and administer insurance car rentals directly over the internet. TRN and TSDI customized and installed this system for Hertz, which is known as the Hertz EDiCARsystem. TRN and TSDI license this system to Hertz.

Enterprise developed and trademarked its own internet-based system, ARMS, to manage its insurance rental car business. On June 21, 2000, Enterprise sent a "cease and desist" letter to TSDI and TRN about the Hertz EDiCAR system. This letter states in part:

> Enterprise views your introduction of the Hertz EDiCAR system, and the services provided through it, to be an infringement of the intellectual property protecting the ARMS system. More particularly, it represents an infringement of the copyright Enterprise enjoys protecting the various screens and their layouts, an infringement of the trademark and service mark rights represented by the secondary meaning that has attached to the ARMS system, and furthermore comprises unfair competition for these same reasons.

TSDI and TRN then filed a declaratory judgment action in the District of Massachusetts on July 10, 2002, seeking a declaration that the Hertz EDiCAR system did not infringe Enterprise's intellectual property rights. Enterprise was the sole defendant when the case was filed, but the Crawford Group, Inc. was later added as an additional defendant after Enterprise contended that Crawford actually owned the copyrights at issue.

Hertz was not a party when the complaint was originally filed, but joined the Massachusetts action as a plaintiff when the complaint was amended on August 6, 2003. The amended complaint seeks a declaratory judgment that the Hertz EDiCAR system does not infringe upon Enterprise's copyright, trademark, service mark or any other intellectual property rights that Enterprise may assert in the ARMS system.

The instant action was filed by Enterprise on August 19, 2003. Enterprise alleges that Hertz infringed its ARMS trademark in an audio recording and an advertisement. Enterprise brings statutory and common law claims for trademark infringement and dilution, as well as Missouri state-law claims for unfair competition, injury to business reputation and tortious interference with business expectancy.

## Discussion

Hertz moves to dismiss, stay or transfer these proceedings to the District of Massachusetts under the first-filed rule which is premised on federal comity.

Under the first-filed rule, a district court has the discretion to transfer a case if an earlier-filed, related case involving the same parties and issues was filed in a different district. See, e.g., Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985)("[W]here two courts have concurrent jurisdiction, the

first court in which jurisdiction attaches has priority to consider the case."). "To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993). "The rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration." Orthmann, 765 F.2d at 121 (citation omitted). The first-filed rule applies in the absence of compelling circumstances. See id. (citation omitted). The two cases do not have to be identical but must have issues that substantially overlap. See, e.g., Monsanto Technology L.L.C. v. Syngenta Crop Protection, Inc., 212 F. Supp. 2d 1101, 1103 (E.D. Mo. 2002) (subject matter need only be similar, not identical) (internal citations omitted).

Enterprise contends that this case should not be dismissed or transferred under the first-filed rule because this case involves different parties and issues than the Massachusetts action. I disagree. The presence of additional parties TSDI, TRN and Crawford in the Massachusetts action does not defeat the "same-party" requirement of the first-filed rule. TSDI and TRN developed the Hertz EDiCAR system and license it to Hertz. Enterprise alleges that Crawford owns the

patent rights at issue in both cases. The substantial similarity of parties in the two cases, together with their common identity of interests, satisfies the "same-party" requirement for this analysis.

Moreover, I find substantial overlap between the two cases. Despite Enterprise's arguments to the contrary, the Massachusetts action is not limited to certain allegations culled from its cease-and-desist letter to TSDI and TRN.[2] Instead, Hertz seeks a declaration that it has not infringed Enterprise's intellectual property rights through the use of the EDiCAR system. It is the complaint which governs the scope of the Massachusetts action, and that pleading clearly encompasses the audio recording and marketing materials at issue here. This action is subsumed in the more comprehensive Massachusetts action and involves the same legal issues. If this case is not transferred, there is a serious risk that two district courts will make inconsistent determinations on the same material issues such as the scope and validity of Enterprise's interest in the ARMS mark, whether the mark has a secondary meaning and whether the mark is in the public domain. Related testimony and evidence will be necessary to resolve these issues in both lawsuits. The interests of judicial economy and consistency are best-served

---

[2]Even if it were, the letter is not as narrowly tailored as Enterprise would suggest.

through a transfer of this action to the District of Massachusetts, where discovery can be conducted in one proceeding and subject to review by one judge. This is especially true here because the Massachusetts action has been pending for over a year. For these reasons, I conclude that the first-filed rule is applicable to this case.

Furthermore, I find no compelling reasons to abrogate the first-filed rule and to deny transfer. Enterprise attempts to characterize Hertz's joinder in the first-filed action as a "preemptive strike," but I find no evidence of improper legal maneuvering. A district court may, in its discretion, abrogate the first-filed rule if a party intentionally files a declaratory judgment action as a "preemptive strike" to secure a more favorable forum. Northwest Airlines, 989 F.2d at 1007. Although the cease-and-desist letter was not directed to Hertz, Enterprise demanded that TSDI and TRN cease all use of the Hertz EDiCAR system, a system designed specifically for, used by and licensed to Hertz. Moreover, in the Massachusetts action, Enterprise refused to provide a covenant-not-to-sue Hertz over the EDiCAR system. Under these circumstances, I do not find that Hertz improperly joined the declaratory judgment action in Massachusetts as a way to secure a more favorable forum for this dispute.

Finally, Enterprise suggests that the first-filed rule should not apply here because there are "jurisdictional issues" to be resolved in the Massachusetts action. Enterprise and Crawford have moved to dismiss Hertz's claims on the ground that there is no justiciable controversy between the parties.[3] The motion is set for hearing on December 18, 2003. This factor does not preclude transfer under the first-filed rule. There is no dispute that all jurisdictional requirements (including the "actual controversy" requirement) are met in this case, nor is there a dispute over the district court's ability to adjudicate the remaining claims in the Massachusetts action. After careful consideration, I find that the first-filed rule applies to this case, and that there are no compelling reasons to deny transfer of this action to the District of Massachusetts.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to transfer [#9-2] is granted, and defendant's motion to dismiss [#9-1] or stay [#9-3] is denied.

**IT IS FURTHER ORDERED** that this case is transferred to the United States District Court for the District of Massachusetts.

---

[3] The Declaratory Judgment Act, 28 U.S.C. § 2201, allows federal courts to render declaratory judgments only where an "actual controversy" exists between the parties.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of December, 2003.

A TRUE COPY OF THE ORIGINAL
JAMES G. WOODWARD, CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY: _____
                        DEPUTY CLERK

AO120, CLOSED

# U.S. District Court
## Eastern District of Missouri (LIVE) (St. Louis)
### CIVIL DOCKET FOR CASE #: 4:03-cv-01149-RWS
#### Internal Use Only

Enterprise Rent v. Hertz Corp.
Assigned to: Honorable Rodney W. Sippel
Referred to:
Demand: $0
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 15:1114 Trademark Infringement

Date Filed: 08/19/03
Jury Demand: Plaintiff
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

**04 · 10044 RGS**

**Plaintiff**

**Enterprise Rent-A-Car Company**     represented by  **David B. Jinkins**
THOMPSON COBURN
One US Bank Plaza
St. Louis, MO 63101
314-552-6000
Fax : 314-552-7000
Email: djinkins@thompsoncoburn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dean L. Franklin**
THOMPSON COBURN
One US Bank Plaza
St. Louis, MO 63101
314-552-6000
Fax : 314-552-7000
Email: dfranklin@thompsoncoburn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul A. Maddock**
THOMPSON COBURN
One US Bank Plaza
St. Louis, MO 63101
314-552-6000
Fax : 314-552-7000
Email: pmaddock@thompsoncoburn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A TRUE COPY OF THE ORIGINAL
JAMES G WOODWARD CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY: *Lisa Hewitt*
DEPUTY CLERK

Matthew J. Himich
THOMPSON COBURN
One US Bank Plaza
St. Louis, MO 63101
314-552-6000
Fax : 314-552-7299
Email: mhimich@thompsoncoburn.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

----------------------

**Hertz Corporation**     represented by   Edwin D. Akers, Jr.
GALLOP AND JOHNSON
101 S. Hanley Road
Suite 1600
Clayton, MO 63105-3493
314-615-6000
Fax : 314-615-6001
Email: edakers@gjn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Stephen D. Poss
GOODWIN AND PROCTOR
Exchange Place
Boston, MA 02109
617-570-1000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 08/19/2003 | 1 | COMPLAINT; # Summons Issued: 1 # Days to Respond: 20 # Counts: 8 Disclosure of Corp Cert issued to: dft; jury demand exhibits attached: 1-3 (in drop box 8/19 - label drawn 8/20/03) (LJK) Modified on 08/22/2003 (Entered: 08/22/2003) |
| 08/19/2003 | 2 | TRACK INFORMATION STATEMENT filed by plaintiff Enterprise Rent track 2 preferred (LJK) (Entered: 08/22/2003) |
| 08/19/2003 | 3 | DISCLOSURE of Corporation Interests Certificate Parent companies: Crawford Group Inc Subsidiaries: n/a Publicly held company: n/a by plaintiff Enterprise Rent (LJK) (Entered: 08/22/2003) |

| | | |
|---|---|---|
| 08/19/2003 | 4 | NOTICE OF PRIVATE PROCESS SERVER ; Process Server: Bill McAvoy (LJK) (Entered: 08/22/2003) |
| 08/20/2003 | 5 | RECEIPT # s2003-010366 in the amount of $ 150 for filing fee (LJK) (Entered: 08/22/2003) |
| 08/22/2003 | | REPORT on the filing or determination of an action regarding trandmark ( form mailed to register) (LJK) (Entered: 08/22/2003) |
| 08/26/2003 | 6 | RETURN OF SERVICE executed upon defendant Hertz Corporation on 8/20/03 by personal by serving Bonnie Love CT Corp. for The Hertz Corp. Address 120 S. Central Ave. (LAH) (Entered: 08/27/2003) |
| 09/09/2003 | 7 | ATTORNEY APPEARANCE for defendant Hertz Corporation by Edwin D. Akers Jr. (LAH) (Entered: 09/10/2003) |
| 09/12/2003 | 8 | ORDER by Honorable Rodney W. Sippel IT IS HEREBY ORDERED that the motion package rule does not apply in this case. Deft. shall file its motion to dismiss which is the subject of the notice of motion filed on September 9, 2003. Pltff. shall file any opposiiton to this motion by no later than October 13, 2003, and Deft. shall file any reply memorandum by not later than October 23, 2003. (cc: all counsel) (LAH) (Entered: 09/12/2003) |
| 09/12/2003 | 9 | MOTION by defendant Hertz Corporation to dismiss case (Pltf's Complaint) , or in the Alternative, to transfer case to the United States District Court of Massachusetts , or to stay Proceedings w/ Memorandum in Support and Exhibits A-H (CMA) (Entered: 09/15/2003) |
| 09/18/2003 | 10 | MOTION by defendant Hertz Corporation for leave to amend prior motion , and for an extension of time to answer, and memorandum in support thereof with Exhibits A and B attached (JMW) (Entered: 09/19/2003) |
| 09/23/2003 | 11 | RULED DOCUMENT by Honorable Rodney W. Sippel granting motion for leave to amend prior motion to Dismiss, Transfer, or Stay [10-1], granting motion for an extension of time to answer Enterprise's Complaint Until Ten Days After This Court's Ruling on Hertz's Motion to Dismiss, Transfer, or Stay [10-2] (cc: all counsel) (CMA) (Entered: 09/23/2003) |
| 09/23/2003 | 12 | Amended MOTION by defendant Hertz Corporation to dismiss case (Pltf's Complaint) Under Federal Rule of Civil Procedure 12(b) , or in the Alternative, to transfer case to the United States District Court of Massachusetts , or to stay Proceedings (CMA) (Entered: 09/23/2003) |

| | | |
|---|---|---|
| 09/26/2003 | 13 | RULE 16 ORDER by Honorable Rodney W. Sippel ; standard(2) track , ; Rule 16 Conference 10/30/03 ; joint scheduling plan ddl 10/23/03 (cc: all counsel) (LAH) (Entered: 09/26/2003) |
| 10/06/2003 | 14 | MOTION by defendant Hertz Corporation for attorney Stephen D. Poss to appear pro hac vice (DJO) (Entered: 10/07/2003) |
| 10/07/2003 | 15 | RECEIPT # S2004-000176 in the amount of $ 25.00 for Pro Hac Vice fee for atty Stephen D. Poss (DJO) (Entered: 10/07/2003) |
| 10/07/2003 | 16 | RULED DOCUMENT by Honorable Rodney W. Sippel granting motion for attorney Stephen D. Poss to appear pro hac vice [14-1] (cc: all counsel) (DJO) Additional attachment(s) added on 12/16/2003 (FLJ, ). (Entered: 10/08/2003) |
| 10/14/2003 | 17 | RESPONSE in Opposition re [9] Motion to Dismiss CaseMotion to Transfer CaseMotion to Stay filed by Plaintiff Enterprise Rent-A-Car Company. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11)(Himich, Matthew) Modified on 10/22/2003 to Indicate that this Response is also Related to the AMENDED Motion to Dismiss Case, Motion to Transfer Case, and Motion to Stay (Document No. 12) (CMA ) (Entered: 10/14/2003) |
| 10/23/2003 | 18 | MOTION to Continue Rule 16 Conference by Defendant Hertz Corporation. (Akers, Edwin) (Entered: 10/23/2003) |
| 10/23/2003 | 19 | Reply to Pltf's Response to [9] Motion to Dismiss Case, Motion to Transfer Case, Motion to Stay filed by Defendant Hertz Corporation and (12) Amended Motion to Dismiss Case, Motion to Transfer Case, Motion to Stay Filed by Deft Hertz Corporation (Akers, Edwin) (Modified on 10/24/2003 - Docket Text Edited to Amend Event Type From Memorandum in Support/Response to Reply; Added Link to Document No. 12) (CMA ) (Entered: 10/23/2003) |
| 10/23/2003 | 20 | JOINT SCHEDULING PLAN by Plaintiff Enterprise Rent-A-Car Company.. (Himich, Matthew) (Entered: 10/23/2003) |
| 10/24/2003 | 21 | DISCLOSURE OF CORPORATION INTERESTS CERTIFICATE by Defendant Hertz Corporation Parent companies: Ford FSG, Inc., Subsidiaries: The Ford Motor Company, Publicly held company: The Ford Motor Company,. (Akers, Edwin) (Entered: 10/24/2003) |
| 10/24/2003 | 22 | ORDER granting 18 Motion to Continue Rule 16 Hearing Signed by Judge Rodney W Sippel on 10/24/2003. (ARL, ) (Entered: 10/24/2003) |

| | | |
|---|---|---|
| 10/28/2003 | 23 | MOTION for Hearing re [9] Motion to Dismiss CaseMotion to Transfer CaseMotion to Stay by Plaintiff Enterprise Rent-A-Car Company. (Attachments: # 1 Exhibit 1# 2 Exhibit 2)(Himich, Matthew) (Entered: 10/28/2003) |
| 10/31/2003 | 24 | MOTION to Stay *Discovery* by Defendant Hertz Corporation. (Attachments: # 1 Defendant's Memorandum of Law in Support of Motion To Stay Discovery)(Akers, Edwin) (Entered: 10/31/2003) |
| 11/04/2003 | 25 | MOTION to Strike 23 MOTION for Hearing re [9] Motion to Dismiss CaseMotion to Transfer CaseMotion to Stay by Defendant Hertz Corporation. (Akers, Edwin) (Entered: 11/04/2003) |
| 11/07/2003 | 26 | RESPONSE/Memorandum in Opposition re 24 MOTION to Stay *Discovery* filed by Plaintiff Enterprise Rent-A-Car Company. (Attachments: # 1 Affidavit # 2 Exhibit 1# 3 Exhibit 2a# 4 Exhibit 2b# 5 Exhibit 3)(Himich, Matthew) (Entered: 11/07/2003) |
| 11/14/2003 | 27 | RESPONSE/Memorandum in Opposition re 25 MOTION to Strike 23 MOTION for Hearing re [9] Motion to Dismiss CaseMotion to Transfer CaseMotion to Stay filed by Plaintiff Enterprise Rent-A-Car Company. (Himich, Matthew) (Entered: 11/14/2003) |
| 11/14/2003 | 28 | REPLY to Response to Motion re 24 MOTION to Stay *Discovery* filed by Defendant Hertz Corporation. (Akers, Edwin) (Entered: 11/14/2003) |
| 11/18/2003 | 29 | MOTION for Leave to File A Request For Oral Argument Out Of Time by Plaintiff Enterprise Rent-A-Car Company. (Himich, Matthew) (Entered: 11/18/2003) |
| 11/19/2003 | | Docket Text ORDER re 29 MOTION for Leave to File A Request For Oral Argument Out Of Time filed by Enterprise Rent-A-Car Company; ORDERED Granted Per Conversation at Informals on 11/18/03;Signed by Judge Rodney W. Sippel on 11/19/03(CMA) (Entered: 11/19/2003) |
| 12/05/2003 | 30 | MOTION to Compel by Plaintiff Enterprise Rent-A-Car Company. (Attachments: # 1 Exhibit Exhibit 1# 2 Exhibit Exhibit 2# 3 Exhibit Exhibit 3)(Himich, Matthew) (Entered: 12/05/2003) |
| 12/08/2003 | 31 | MEMORANDUM AND ORDER - IT IS HEREBY ORDERED that defendant's motion to transfer [#9-2] is granted, and defendant's motion to dismiss [9-1] or stay [#9-3] is denied. IT IS FURTHER ORDERED that this case is transferred to the United States District Court for the District of Massachusetts. IT IS FURTHER ORDERED that all other pending motions are denied as moot.Signed by Judge Rodney W. Sippel on 12/8/03. (LAH, ) (Entered: 12/09/2003) |

| 12/08/2003 | | ***Civil Case Terminated. (LAH, ) (Entered: 12/09/2003) |
|---|---|---|
| 12/17/2003 | 32 | MOTION for Extension of Time to File ;Extension to file the following: request for reconsideration, MOTION to Stay re 31 Memorandum & ORDER, by Plaintiff Enterprise Rent-A-Car Company. (Attachments: # 1 Text of Proposed Order)(Himich, Matthew) (Entered: 12/17/2003) |
| 12/19/2003 | 33 | NOTICE by Plaintiff Enterprise Rent-A-Car Company re 32 MOTION for Extension of Time to File ;Extension to file the following: request for reconsideration MOTION to Stay re 31 Memorandum & ORDER, *withdrawing said motions* (Himich, Matthew) (Entered: 12/19/2003) |
| 12/19/2003 | 34 | ORDER: HEREBY ORDERED that Enterprise's motion to stay (#32-1) and motion for an extension of time (#32-2) are denied;Signed by Judge Rodney W. Sippel on 12/19/03(CMA) (Entered: 12/19/2003) |